OPINION
{¶ 1} Defendant-appellant Mark Allen Thompson, Jr. appeals from the conviction and sentence entered by the Jefferson County Common Pleas Court. He raises issues surrounding unsolicited comments from a witness and concerning a police officer's statement that he knew appellant before the day of his arrest. Appellant also contends that the court failed to support a maximum sentence to run consecutively with sentences entered in another case. For the following reasons, appellant's conviction is affirmed, and his maximum consecutive sentence is also affirmed.
 STATEMENT OF THE CASE {¶ 2} On the morning of December 24, 2004, Sabrina Barnett started her car and went back inside her residence in Steubenville, Ohio. When she returned to her car, there was a person in the driver's seat wearing a hooded jacket and a ski mask. As she tried to open the locked passenger door, the thief started backing away. She then yelled and banged on the hood to no avail.
 {¶ 3} A neighbor, Diane Sizemore, witnessed Ms. Barnett's struggle to reclaim her car. Ms. Sizemore was just about to enter her own car when the stolen car started coming at her. She jumped to the back of her car just as the thief smashed the stolen car into her car. The thief then drove off in the stolen car. Within minutes, the police caught the thief, who turned out to be appellant.
 {¶ 4} Appellant's misdemeanor crimes of failure to control and hit and run were dealt with in the municipal court. Appellant was indicted in case number 05CR4 for theft of a motor vehicle in violation R.C. 2913.02(A)(1), a fourth degree felony. On April 7, 2005, a jury convicted him as charged.
 {¶ 5} The sentencing hearing proceeded on this case and case number 04CR210, which involved three unrelated felonies that had been tried previously. The court sentenced appellant to the maximum sentence of eighteen months in prison for theft of a motor vehicle and ordered this sentence to run consecutively with the sentences in 04CR210, for a total of four consecutive eighteen month sentences. Appellant filed timely notices of appeal in both cases. The appeal in this case resulted in appellate case number 05JE16, and the appeal from 04CR210 resulted in appellate case number 05JE17, which will be dealt with in a separate opinion.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Appellant sets forth three assignments of error, the first of which alleges:
 {¶ 7} "THE COURT ERRED IN ALLOWING THE STATE'S WITNESS TO OFFER UNSOLICITED COMMENTS TO THE JURY WHEN NO QUESTION WAS PENDING."
 {¶ 8} Diana Sizemore, the theft victim's neighbor, was called to testify for the state. She recited the sequence of events she witnessed. She noted that the stolen car ran into her car causing her car to roll and necessitating her to jump out of the way before it hit her. (Tr. 111). She was cross-examined by the defense. The prosecutor then conducted brief redirect. The following excerpt is at issue here:
 {¶ 9} "[Prosecutor:] No more questions. Thank you, ma'am. I appreciate you coming.
 {¶ 10} "[Witness:] Can I say something before I go off the stand?
 {¶ 11} "Q. It would depend on what it is and we sure don't want to do anything improper in this case.
 {¶ 12} "[Defense counsel:] Your Honor, I'm going to object at this time.
 {¶ 13} "THE COURT: It's best if you just —
 {¶ 14} "A. It's just a comment about my car, that's all.
 {¶ 15} "Q. You mean the damage to your car?
 {¶ 16} "A. Yeah, I have over $3,000 worth of damage.
 {¶ 17} "[Defense counsel:] I'd object
 {¶ 18} "* * *
 {¶ 19} "THE COURT: I'll permit her to say. She's already stated that. I'll permit the answer to stand." (Tr. 114-115).
 {¶ 20} Appellant contends that the court should have controlled this witness after defense counsel's first objection. He urges that the court should have given a curative instruction advising the jury not to consider the witness's monetary loss.
 {¶ 21} The state responds that her statement was relevant because the amount of damage tends to show that he crashed during a criminal get-away rather than a casual drive with authorization of the car's owner. See Evid.R. 401 (evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence). The state notes that the jury already heard that her car was damaged without objection and, thus, continued testimony on the monetary value of the damage is not prejudicial. The state concludes that even if the allowance of the testimony without curative instructions was erroneous, the error was harmless. See Civ.R. 52(A) (any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded); Evid.R. 103(A) (error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected).
 {¶ 22} Appellant does not cite any authority for his claim that this witness's testimony was inadmissible. Because a criminal jury does not award damages or restitution, appellant assumes that all testimony on damages to a vehicle is inadmissible and reversible error.
 {¶ 23} As the state points out, the amount of damage can be relevant to establish that this was not merely a slight knocking of bumpers incurred while casually backing out of a driveway in a car one is authorized to drive. See State v. Luna (July 16, 1982), 6th Dist. No. H-82-1 (stating the testimony that police officer injured his knee and that he had medical bills therefrom was relevant to show knowledge of detention and purposely breaking such detention). It is an element of the state's theft case to show that appellant was not permitted to drive this vehicle. See R.C. 2913.02(A)(1) (no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services withoutthe consent of the owner or person authorized to give consent). Still, the witness's statement was not in response to any question, and witnesses are not narrators of information they believe is relevant.
 {¶ 24} In any event, appellant failed to allege that he was prejudiced or establish how he was prejudiced by a statement that the neighbor's car suffered $3,000 worth of damages due to appellant's wild flight in a stolen car. See Luna, supra (testimony on police officer's medical bills due to chasing suspect was not prejudicial). In fact, contrary to appellant's suggestion, $3,000 is not a lot of money for even a minor car accident under today's standards. See State v. Johnson (Feb. 26, 1993), 6th Dist. No. H-92-20 (testimony that victim sustained $20,000 in medical bills was not surprising). There was substantial evidence of appellant's guilt, making any error in admitting this testimony harmless. See id. (error, if any, in admission of medical bills did not contribute to conviction). Thus, the witness's statement was not prejudicial under the facts of this case. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 25} Appellant's second assignment of error contends:
 {¶ 26} "THE STATE ERRED BY IMPROPERLY IMPLYING THAT THE APPELLANT HAD A CRIMINAL BACKGROUND BY ASKING THE POLICE OFFICER WITNESS IF THE DEFENDANT WAS KNOWN TO THEM."
 {¶ 27} The following colloquy between the prosecutor and the arresting officer is relevant to this assignment:
 {¶ 28} "Q. By the way, the man you apprehended, is he in this courtroom?
 {¶ 29} "A. Yes * * * Sitting to the left of [defense counsel]." (Tr. 155).
 {¶ 30} "Q. Did you know his name before Christmas Eve of 2004?
 {¶ 31} "A. Yes.
 {¶ 32} "Q. Do you know it now?
 {¶ 33} "A. Yes.
 {¶ 34} "Q. What is his name?
 {¶ 35} "A. Mark Thompson.
 {¶ 36} "Q. May the record reflect that he identified the Defendant." (Tr. 156).
 {¶ 37} Appellant briefly complains that this questioning raised the implication that appellant was known to the authorities for past crimes. He cites Evid.R. 404(B), which prohibits evidence of other acts, wrongs, or crimes in order to prove character, with exceptions where such evidence is used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 38} The state urges that the testimony can be used to prove identity, an exception to Evid.R. 404(B). They also point out that the testimony does not equate to evidence of other acts, wrongs, or crimes. See State v. Wilkinson (1971),26 Ohio St.2d 185, 187 (defendant's mug shot used in photographic lineup is admissible and does not provide a reasonable inference of prior criminal involvement where police identification numbers are removed).
 {¶ 39} Regardless, appellant failed to object at trial. Thus, he waived the issue for purposes of appeal. See Evid.R. 103(A)(1) (error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and where the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context).
 {¶ 40} All that is left to consider is plain error. See Crim.R. 52(B) (plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court); Evid. R. 103(D) (nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court). Still, appellant does not mention this doctrine on appeal.
 {¶ 41} In any event, there is no need to exercise our discretionary power to recognize a plain error in this case as there was no error and even if there were error, it was not outcome determinative. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to present a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 42} Appellant's third assignment of error provides:
 {¶ 43} "THE COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE AND NOT PROVIDING REASONS FOR HIS OVERLY HARSH SENTENCING UNDER THE SENTENCING FACTORS IN R.C. 2929.12."
 {¶ 44} First, appellant contends that the court failed to fully consider or indicate that it had considered the seriousness factors in R.C. 2929.12(B). He notes that R.C. 2929.12(B)(2) deals with actual physical harm that is serious, not threatened harm.
 {¶ 45} However, appellant fails to recognize that R.C.2929.12(B) states the court shall consider the listed factors "and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense * * *." See, also, R.C. 2929.12(A). An absence of the listed seriousness factors does not relieve a defendant from a maximum sentence. In reviewing the seriousness of the offense, the court can consider his continued criminality even in the face of risking physical harm to two people. He drove away while the vehicle's owner was hanging on to the door handle, and in this act of fleeing, he almost hit the neighbor. Moreover, the court found economic harm to two individuals, which is a relevant factor making the offense more serious.
 {¶ 46} The statute also requires considerations of whether any factors apply making the offense less serious. R.C.2929.12(C). Here, the court found there were none. (Tr. 218). Moreover, the court is to consider the factors making recidivism more likely under R.C. 2929.12(D) and the factors making recidivism less likely under R.C. 2929.12(E). The court found no factors making recidivism less likely.
 {¶ 47} But, the court found a multitude of factors making recidivism more likely. For instance, the court noted that appellant was on bail for prior offenses committed three months before when he stole this car. In fact, this offense was being sentenced along with three felonies committed in September 2004: carrying a concealed weapon, receiving stolen property (a car), and possession of crack cocaine.
 {¶ 48} The court stated that appellant has not been responsive to prior sanctions. And, the court opined that appellant showed no remorse. The court explained that appellant previously served four years in prison. Defendant stated that this Pennsylvania sentence was the maximum for second degree felony aggravated assault.
 {¶ 49} The court emphasized appellant's lengthy criminal history, which is detailed in the presentence investigation report. His adult criminal history includes other possession of drugs charges, drug paraphernalia charges, receiving stolen property, aggravated robbery amended to criminal mischief, carrying a concealed weapon, robbery amended to petty theft, aggravated menacing, various incidents of driving without a license, driving under suspension, and leaving the scene of an accident he caused in a stolen car. And, we note that appellant was only twenty-two years old.
 {¶ 50} In conclusion, the trial court need not assign specific weight to any one factor. "[T]he individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor." State v. Arnett (2000),88 Ohio St.3d 208, 215. The court reviewed the various seriousness and recidivism factors on the record. And, the court indicated that it considered the relevant factors. Contrary to appellant's argument, it is clear the court considered all relevant factors under R.C. 2929.12. This argument is overruled.
 {¶ 51} Next, appellant contends that the court failed to make a finding with reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d). Such finding and reasons must be made on the record at the sentencing hearing. See State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 20, 26.
 {¶ 52} The court clearly found on the record that appellant posed the greatest likelihood of committing future offenses. (Tr. 220). Thus, the court made one of the available maximum sentence findings under R.C. 2929.14(C).
 {¶ 53} As for reasons to support this finding, we note recitation of appellant's background set forth above. For instance, the court stated that appellant has an extensive criminal record, he served a prior prison term of four years, and he committed this offense while on bail. (Tr. 220). The court had already explained that appellant had not favorably responded to previous sanctions and that appellant has no remorse. (Tr. 218). As such, the trial court made a maximum sentence finding with reasons to support that finding on the record as required by R.C.2929.14(C) and R.C. 2929.19(B)(2)(d).
 {¶ 54} Lastly, appellant contests the propriety of the court's decision to impose his sentence in this case consecutive to the sentences imposed in 04CR210. He states that the court did not make the findings required by R.C. 2929.14(E).
 {¶ 55} Like a maximum sentence, when imposing a consecutive sentence, the court must make certain findings supported by reasons on the record at the sentencing hearing. R.C.2929.19(B)(2)(c); Comer at ¶ 20. If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds: (1) that the consecutive service is necessary to protect the public from future crime or to punish the offender; and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction post-release control for a prior offense; or (3) (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 56} Here, the court specified that consecutive terms are necessary to punish appellant and are not disproportionate. The court further found that appellant committed this offense while awaiting trial on another charge. In the alternative to that final finding, the court also found that his criminal history shows that consecutive terms are necessary in order to protect the public. (Tr. 221). The court had already detailed the reasons behind these findings. For instance, the court mentioned how dangerous appellant's acts were to at least two people in this case. The court stated that he served a prior four year prison term, committed three offenses three months prior to this, and had an otherwise extensive criminal history. There were plenty of reasons placed on the record at sentencing to support the necessity of consecutive sentences due to appellant's criminal career.
 {¶ 57} The only argument one could make regarding the findings for a consecutive sentence, which appellant does notactually specify, is that the court stated for its second required finding, "consecutive sentences * * * are not disproportionate." (Tr. 221). The statute states that the court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4).
 {¶ 58} As we often state, the language of the sentencing statutes is not talismanic. See, e.g., State v. McCarthy, 7th Dist. No. 01BA33, 2002-Ohio-5185, ¶ 12. Magic words are not required. Id. The sentencing court's language is sufficient to recite the second consecutive sentence finding. Still, we note: "Although magic or talismanic words are not required, it is prudent for a trial court to mimic the statute's language to avoid issues such as these presented in the matter before this court." Id. at ¶ 12. Thus, the trial court should avoid misconstruction of its decisions in the future by more closely mirroring the statute's language. Finally, we refer to all the above reasons set forth by the trial court as reasons in support of the consecutive sentence findings.
 {¶ 59} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.